# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **MICHAEL CHARLES CHADMAN,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:17-cv-703-O** |
| | § | |
| **LARRY FOWLER, Sheriff,** | § | |
| **Parker County, Texas,** | § | |
| | § | |
| **Respondent.** | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus Petitioner Michael Charles

Chadman ("Chadman") filed pursuant to 28 U.S.C. § 2241. Pet., ECF No. 3. In response to the

petition, Respondent Larry Fowler filed a motion to dismiss on the ground of failure to exhaust state

remedies. Mot. Dismiss 1–5, and App. 6–16, ECF No. 20. Chadman filed two responses. The

responses contain similar arguments and are both entitled "Reply to Respondent's Request for

Dismissal." Resp. 1–7, ECF Nos. 28, 35. Approximately one month after Chadman filed the second

response, he was convicted of the charges that were pending when he filed the § 2241 petition. *See*

Pet.'s Correspondence, ECF No. 29; *see* text *infra* pp. 2-3. After considering the pleadings and the

relief Petitioner seeks, the motion to dismiss with appendix thereto, and the applicable law, the Court

does not reach the Respondent's motion but dismisses the § 2241 petition as moot.

## I.     BACKGROUND

At the time he filed the § 2241 petition, Chadman was confined in the Parker County Jail

and under indictment for two felony charges—possession of a controlled substance, namely

methamphetamine, in an amount of less than one gram, and a charge of tampering with or fabricating

physical evidence. Mot. Dismiss, App. 8–9 (Indictments—cause numbers CR17-0425, CR17-0427),

ECF No. 20. According to allegations and documents Chadman attached to the petition, court

appointed counsel filed an application for writ of habeas corpus on his behalf in case number CR17-

0427 and a motion to quash the indictment in case number CR17-0425. Mot. Dismiss, App. 13–14,

ECF No. 20. In these documents, Chadman alleged that the state failed to present an indictment or

information against him within the time provided under Article 32.01 of the Texas Code of Criminal

Procedure, and he sought relief in the form of dismissal of the pending charges. *Id.* The state court,

by order issued on August 21, 2017, directed Chadman released upon the execution of personal

recognizance bonds. Mot. Dismiss, App. 15–16, ECF No. 20. According to Chadman, the state court

granted Chadman's release on a personal recognizance bond and he refused to accept the bond. He

claims he told the judge at a hearing that he did not want a bond but, rather, wanted the court to

dismiss the pending prosecutions. Although it is not entirely clear from Chadman's allegations, he

appears to claim that the judge revoked the ruling on the bond. Regardless, Chadman refused to

acknowledge the personal recognizance bonds. *Id.*

Chadman's petition under § 2241 was received and file-stamped on August 25, 2017. Pet.

1, 10, ECF No. 3. Respondent then filed the motion to dismiss on the basis of lack of exhaustion.

Mot. Dismiss, ECF No. 20.

Chadman was subsequently convicted of each charge on January 17, 2018, in the 415th

District Court, Parker County, Texas. *Texas v. Chadman*, Nos. CR17-0425 and CR17-0427.

Chadman was sentenced to 25 years for the tampering with physical evidence charge (CR17-0425)

and sentenced to 2 years for the possession of a controlled substance charge (CR17-0427) with the

sentences to run concurrently. *Id.* Chadman appealed each judgment to the Court of Appeals, Second

District of Texas. *See Chadman v. Texas*, Nos. 02-18-00016-CR (Tex. App.—Fort Worth) and *Chadman v. Texas*, No. 02-18-00017-CR (Tex. App.—Fort Worth) available at http://search.txcourts.gov/Case.aspx?cn=02-18-00016-CR(02-1800017-CR)&coa=coa 02. In each appellate case, Chadman's counsel has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), and the cases remain pending before the state court of appeals. *Id.*

Although Chadman was housed in the Parker County Jail at the time of filing the § 2241 petition, he has updated his address of record to his present confinement in the Texas Department of Criminal Justice Hutchins State Jail. Not. Change Address, ECF No. 33. He is therefore in state custody for the state convictions.

## II.     CLAIMS FOR RELIEF

In his § 2241 petition, Chadman alleges that he should have been released from Parker County custody because the state failed to indict him within 180 days. He further alleges that the state court should have responded to his application for writ of habeas corpus with an order dismissing him from the charges, rather than merely ordering his release on bond. Pet. 2–3, ECF No. 3; Mot. Dismiss, App. 11–12, ECF No. 20. He also alleges his lawyer failed to properly seek appropriate pre-conviction relief on these grounds. Pet. 5–6, ECF No. 3.

## III.     ANALYSIS

### A.     Lack of Exhaustion

Respondent Fowler asserts that Chadman's § 2241 petition should be dismissed for failure to exhaust his state-court remedies. Mot. Dismiss 3–5, ECF No. 20. The Court, however, need not reach the exhaustion question, because Chadman's § 2241 petition filed as a pretrial detainee is moot in light of his convictions.

**B.** **§ 2241 Petition is Moot**

A state pre-trial detainee is entitled, in some circumstances, to raise constitutional claims in a federal habeas proceeding under 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(c); *see Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) ("Pre-trial petitions such as Dickerson's [pre-trial challenges to state charges] are properly brought under 28 U.S.C § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him") (footnote omitted). The records confirm that although Chadman filed the instant § 2241 petition while he was in the Parker County Jail and the state charges were pending, he has subsequently been convicted of those charges and is now serving his sentences in a Texas Department of Criminal Justice facility. A petition under § 2241 filed by a pre-trial detainee is rendered moot "when the court cannot grant the relief requested by the moving party." *Salgado v. Fed. Bureau of Prisons*, 220 F. App'x 256, 257 (5th Cir. 2007) (citing *Brown v. Resor*, 407 F. 2d 282, 283 (5th Cir. 1969) and *Bailey v. Southerland*, 821 F. 2d 277, 278 (5th Cir. 1987)).

Whether a case is moot presents a jurisdictional matter because it implicates the Article III requirement that an actual controversy exists at all stages of federal court proceedings. *Bailey*, 821 F.2d at 278. Further, "[i]n the absence of its being raised by a party, this court is obligated to raise the subject of mootness sua sponte." *Id.* (citation omitted) "A moot case presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents." *Adair v. Dretke*, 150 F. App'x 329, 331 (5th Cir. 2005) (quoting *Goldin v. Bartholow*, 166 F.3d 710, 717 (5th Cir. 1999) (internal citations omitted)); *see also Sannon v. United States,* 631 F.2d 1247, 1250 (5th Cir. 1980) ("Striking at the very heart of federal subject matter jurisdiction, a mootness issue

quite clearly can be raised sua sponte if not addressed by the parties") (citations omitted)).

Chadman is no longer a pre-trial detainee. He was convicted of the crimes for which he was awaiting trial when he filed his § 2241 petition. Accordingly, the issues he complained of in this petition—he state's alleged failure to bring charges in the time period required by Texas procedure—are moot. *See Wade v. Anderson*, No. 4:09-cv-684-Y, 2010 WL 930991 at *1 (N.D. Tex. Mar. 15, 2010) (dismissing with prejudice as moot pretrial detainee's § 2241 petition after his conviction); *see also Yohey v. Collins*, 985 F.2d 222, 228-29 (5th Cir. 1993) ("Yohey claims that the state court erred in refusing to grant his pretrial habeas relief. However, such claims for federal habeas relief for pretrial issues are mooted by Yohey's subsequent conviction") (citing *Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988) (recognizing that habeas petitions challenging legality of pretrial detention were rendered moot by conviction) (additional citation omitted)); *see also Thorne v. Warden, Brooklyn House of Detention for Men*, 479 F.2d 297, 299 (2d Cir. 1973) ("Since [petitioner] is now held as a convicted defendant rather than merely on a criminal charge not yet brought to trial, the issue as to the legality of his continued pretrial detention has been mooted, and it therefore becomes unnecessary to resolve the constitutional issues presented."). Because Chadman is no longer subject to pre-trial detention in the Parker County Jail, the Court finds that Chadman's petition must be dismissed as moot.[1]

---

[1] The court is aware that in *Hartfield v. Osborne,* 808 F.3d 1006, 1071–74 (5th Cir. 2015) the Fifth Circuit held that a petition properly filed under § 2241 when the petitioner was not being held under any state court judgment, was governed by § 2254 after the petitioner was convicted while the case was pending on appeal. *Id.* But in that case, the circuit court dismissed the appeal and did not consider § 2254 issues in part because the issues related to the § 2241 clams were irrelevant and issues relating to § 2254 were not briefed. Such is the situation in this case. Furthermore, the court of appeals expressly noted that the dismissal did not affect [petitioner's] ability to later file another § 2254 petition, as any such later § 2254 petition would not be a second or successive petition under § 2244. *Id.* at 1073-74 and 1074 n. 3 (citing *Jacobs v. McCaughtry,* 251 F.3d 596, 597-98 (7th Cir. 2001) ("when a petitioner applies for habeas relief under § 2241 and later applies for relief in a petition governed by § 2254, that subsequent petition is not a 'second or successive

## IV. CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. FED. R. APP. P. 22(b). The United States Court of Appeals for the Fifth Circuit has held that a pre-trial detainee bringing claims under § 2241 must obtain a COA. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998). The COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by showing "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further."*Miller-El v. Cockrell*, 537 U.S. 322, 326 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). A district court may deny a COA *sua sponte* because that court is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

Upon review and consideration of the record as to whether Chadman has made a showing that reasonable jurists would question this Court's rulings, the Court determines he has not and that a certificate of appealability should not issue for the reasons stated in this order. The Court therefore **DENIES** a certificate of appealability.

---

habeas corpus application' within the meaning of 28 U.S.C. § 2244") and in the context of the converse, *Yellowbear v. Wyoming Attorney General*, 525 F.3d 921, 923 (10th Cir. 2008) ("where the first habeas petition filed under § 2254 was properly recharacterized as a § 2241 petition because the defendant was a pre-trial detainee, the subsequent filing of a § 2254 petition does not constitute a second or successive petition.")). In this case, Chadman is now in state custody pursuant to state convictions, and he is in the process of actively challenging his convictions on direct appeal in state court. Thus, the petition under § 2241 should not be recharacterized under § 2254 in this instance.

**V.      CONCLUSION and ORDER**

For the reasons discussed herein, it is therefore **ORDERED** that Respondent's motion to

dismiss (ECF No. 20) is **DENIED** as moot.

It is further **ORDERED** that Petitioner Chadman's petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2241is **DISMISSED** with prejudice as moot.

It is further **ORDERED** that a certificate of appealability is **DENIED**. All pending motions

not previously ruled upon are **DENIED** as moot.

**SO ORDERED** on this **24th day** of **August, 2018**.


_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE